IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| FELICIA THOMAS, | ) |  |
|---|---|---|
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) | DOCKET NO.:_____ |
| v. | ) | JURY DEMAND (12) |
|  | ) |  |
| MEDIFAX-EDI, LLC d/b/a EMDEON BUSINESS SERVICES, LLC, | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |
|  | ) |  |

## COMPLAINT

Comes now the Plaintiff, Felicia Thomas, by and through his undersigned counsel, and for his Complaint against Defendant Medifax-Edi, LLC d/b/a Emdeon Business Services, LLC, the Plaintiff states as follows:

### I.
### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Felicia Thomas, (hereinafter "Plaintiff") is a resident and citizen of Antioch, Davidson County, Tennessee.

2. Defendant, Medifax-Edi, LLC d/b/a Emdeon Business Services, LLC, (hereinafter "Defendant") is a foreign corporation authorized to be and doing business in Nashville, Davidson County, Tennessee, and employs more than twenty employees.

3. The events giving rise to this matter took place in Nashville, Davidson County, Tennessee, at Defendant's facility located at 3055 Lebanon Pike, Suite 1000, Nashville, Tennessee.

4. Jurisdiction and venue in this matter are proper because the events giving rise to

this matter took place in Nashville, Davidson County, Tennessee, at the Defendants' facility. The Plaintiff also resides in Antioch, Davidson County, Tennessee and this matter involves a federal question under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Sec. 621, et seq.

## II.
## FACTUAL BASES FOR SUIT

5. The Plaintiff was hired by the Defendant on or about May 2, 2011.

6. On or about August 2011, Plaintiff was placed on a performance improvement plan and was informed by the Defendant that she would be sent for additional training.

7. Plaintiff was sent for additional training in August, 2011.

8. On or about December 2011, Plaintiff received a review where she was rated as developing.

9. On or about March 20, 2012, Plaintiff was terminated for allegedly requesting a good review from a client and Plaintiff asserts that this reason given for her termination is false and pretextual. The Plaintiff was wrongfully terminated by the Defendant.

10. Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission which is attached as Exhibit A.

## III.
## CAUSE OF ACTION

11. Allegations 1-10 are hereby incorporated herewith. The Plaintiff asserts that the Defendant retaliated against the Plaintiff, and interfered with her rights in violation of the Tennessee Human Rights Act pursuant to T.C.A. § 4-21-101 and 4-21-302 through T.C.A. § 4-21-311, and T.C.A. 4-21-701 and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Sec. 623.

12. At said dates and times as set forth herein, the Plaintiff was a fifty-three (53) year old female and the Plaintiff's supervisor was twenty-five (25) to thirty (30) years of age. The Plaintiff's supervisor treated the Plaintiff differently and poorly as compared to younger employees. The Plaintiff's supervisor also held older employees to more harsh and rigid standards as compared to younger employees.

13. The Plaintiff was one of three (3) persons over 40 years of age working at the Defendant's facility located on Lebanon Pike, Nashville, Tennessee who was terminated in February and March of 2012 for improper reasons.

14. The Plaintiff was equally qualified and capable of performing her job duties in a satisfactory manner.

15. The Plaintiff asserts that she was treated poorly and received disparate treatment as compared to younger employees who were similarly situated.

16. The Plaintiff asserts that the employer violated the Tennessee Human Rights Act pursuant to T.C.A. § 4-21-101 and 4-21-302 through T.C.A. § 4-21-311, and T.C.A. 4-21-701 and the Age Discrimination in Employment Act, 29 U.S. C. § 623, et seq. and wrongfully discriminated against the Plaintiff on the basis of her age, fifty-three (53) years old.

17. The Plaintiff asserts that there is a causal connection between the Defendant's decision to terminate her and the Plaintiff's age.

18. At all relevant times set forth here:

    (a) The plaintiff was over forty years of age and was qualified to perform the required job duties.

    (b) The Plaintiff was improperly discharged;

    (c) The Plaintiff's position was filled or replaced by a younger person;

(d) Age was the determining factor in the Defendant Employer's decision to discriminate against the Plaintiff and to wrongfully discharge the Plaintiff; and

(e) The reason given by the Defendant Employer to terminate the Plaintiff was a pretext and the actual reason for termination was in fact an age based determination.

19. At all relevant dates and times as forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of the Defendant's employees, agents and representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the discriminating behavior; (b) the Defendant did not properly train the Plaintiff's supervisors regarding the Defendant's policies towards a workplace free of discrimination; (c) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report age discrimination occurring within the Defendant's workplace; and (d) the Defendant had a duty to supervise its employees and agents.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS THIS COMPLAINT be served upon Defendant, they be compelled to Answer, and the Plaintiff be awarded all compensatory damages, back pay, front pay, attorney's fees, interest, punitive damages, and equitable relief allowed.

Respectfully submitted,

LAW OFFICE OF DONALD D. ZUCCARELLO

_____
Donald D. Zuccarello [BPR No. 15092]
3209 West End Avenue
Nashville, Tennessee 37203
(615) 259-8100
(615) 259-8108 Facsimile
*Attorneys for the Plaintiff*

## COST BOND

I, Donald D. Zuccarello, am surety for this cause.

_____
Donald D. Zuccarello