IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FELICIA THOMAS )
)
v. ) NO. 3-12-1333
) JUDGE CAMPBELL
ENVOY LLC )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 27). For the reasons stated herein, Defendant's Motion is GRANTED.

INTRODUCTION

Plaintiff filed this action against her former employer for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Tennessee Human Rights Act ("THRA"). Plaintiff alleges that she was fired because of her age. Defendant contends that Plaintiff, a customer service representative, was fired based on Defendant's honest belief that Plaintiff had asked a customer for inflated customer satisfaction ratings to avoid losing her job. Defendant has moved for summary judgment on Plaintiff's claims.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this

burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## AGE DISCRIMINATION

The parties agree that to establish her claim for age discrimination under the ADEA and the THRA,[1] Plaintiff must show that (1) she was a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the position she held; and (4) she was treated differently from similarly situated employees outside the protected class. *Mitchell v. Vanderbilt University*, 389 F.3d 177, 181 (6th Cir. 2004); *Jones v. Shinseki*, 804 F.Supp. 2d 665, 671 (M.D. Tenn. 2011). If Plaintiff is able to establish a *prima facie* case of age discrimination, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for any adverse employment action. *Schoonmaker v. Spartan Graphics Leading, LLC*, 595 F.3d 261, 264 (6th Cir.

---

[1] Claims brought under the THRA are governed by the same evidentiary framework that applies to ADEA claims. *Moore v. Nashville Elec. Power Bd.*, 72 S.W.3d 643, 651 (Tenn. Ct. App. 2001); *Pierson v. Quad/Graphics Printing Corp.*, 749 F.3d 530, 536 (6th Cir. 2014).

2

2010).[2] Ultimately, Plaintiff bears the burden of persuasion to show that her age was a "but-for" reason for her firing. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009).[3]

It is undisputed that Plaintiff is older than 40 years and that she was subjected to an adverse employment action. For purposes of summary judgment, Defendant also concedes that Plaintiff was qualified for her position. Defendant argues that Plaintiff cannot establish the fourth prong of the age discrimination test, that a similarly-situated employee outside the protected class was treated more favorably than she.

To be similarly situated, the individuals with whom Plaintiff seeks to compare her treatment must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Jackson v. FedEx Corporate Servs., Inc.*, 518 F.3d 388, 393 (6th Cir. 2008) (citing *Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992)). The Sixth Circuit has also held that the *Mitchell* factors should not be rigidly applied. *Jackson*, 518 F.3d at 394. The appropriate test is to look at those factors relevant to the factual context, as opposed to a requirement that a plaintiff demonstrate similarity in all respects. *Id*.

---

[2] If Defendant provides a legitimate, nondiscriminatory reason, the burden shifts back to Plaintiff to show that a genuine issue of material fact exists as to whether Defendant's reason is really a pretext to mask intentional discrimination. *Jones*, 804 F.Supp.2d at 673. Plaintiff may demonstrate pretext by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate Defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. *Id*.

[3] The Sixth Circuit has noted that no Tennessee court has explicitly addressed the causation standard for an age-discrimination claim under the THRA in the wake of *Gross*. *Pierson*, 749 F.3d at n.2. Traditionally, an employee asserting such a claim under the THRA bore the burden of showing that his age was a "determining" factor in the adverse employment action. *Id*. This distinction does not alter the outcome in this case.

Plaintiff has not identified any younger employee of Defendant who requested inflated customer satisfaction ratings from a client and was not fired for that misconduct. Plaintiff admits that the only other employee of Defendant for whom complaints were made about requesting inflated ratings (Ms. Walker) was also fired, just as Plaintiff was. Plaintiff alleges that younger employees were not subjected to bullying and harassment as she was, but the adverse employment action alleged in this case is her termination, not hostile work environment or harassment. Complaint (Docket No. 1) and Docket No. 33, p. 10.

The Court finds that Plaintiff has not established the fourth prong of her age discrimination claim, that similarly situated younger employers were treated differently than she.

Alternatively, even if Plaintiff could establish a *prima facie* case of age discrimination, Defendant has articulated a legitimate, nondiscriminatory reason for firing her, and Plaintiff has not shown that reason to be pretext for age discrimination. Pretext is a commonsense inquiry: did the employer fire the employee for the stated reason or not? *Jones*, 804 F.Supp.2d at 673. The Court must ask whether the employer made a reasonably informed and considered decision before taking the complained-of action, but it does not require that the decisional process used by the employer be optimal or that it left no stone unturned. *Id*.

Defendant concluded, based upon multiple reports from the client, that Plaintiff and Ms. Walker had requested inflated customer satisfaction ratings to avoid being fired. Plaintiff herself testified that she believed the reason she was terminated was because a client's employees reported that she had asked them for a favorable review. Docket No. 29-2, p. 124.

A plaintiff cannot establish pretext so long as the employer made a reasonably informed and considered decision before taking the adverse employment action. *Foster v. Spring Meadows*

*Healthcare Center, LLC*, 2013 WL 829363 at * 10 (M.D. Tenn. March 6, 2013) (*citing Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998)). Where the employer can demonstrate an honest belief in its proffered reason, an inference of pretext is not warranted. *Seeger v. Cincinnati Bell Telephone Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012). An employer's proffered reason is considered honestly held where the employer can establish it reasonably relied upon the particularized facts that were before it at the time the decision was made. *Id*. A plaintiff is required to show more than a dispute over the facts upon which the decision was based. *Id*.; *see also Loyd v. Saint Joseph Mercy Oakland*, ___ F.3d ___, 2014 WL 4434200 (6th Cir. Sept. 10, 2014).

Plaintiff has failed to show that Defendant did not have a reasonable belief that Plaintiff and her co-worker, Ms. Walker, had requested inflated customer service ratings from the client. Whether Plaintiff actually asked the client to rate her favorably is ultimately irrelevant if Defendant honestly believed she asked for that rating.[4] Plaintiff has not shown that Defendant's reason for firing her was pretext for age discrimination.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No.27) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

*(signed)* Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[4] The information received from the client is not hearsay because it is not being offered for the truth; rather, it is offered to show notice to Defendant. In contrast, Plaintiff's reliance on the statement of another employee that the requests for favorable ratings actually came from mapping contractors in India *is* offered for the truth.